UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GERALD LEROY BARNES, II,

    Plaintiff,

v.

JUDGE MARSHA BERZON;
JUDGE PAUL WATFORD;
JUDGE RAYMOND CORLEY
FISHER,

    Defendants.

Case No. 6:22-cv-01301-AA

ORDER OF DISMISSAL

AIKEN, District Judge.

    Plaintiff, appearing pro se, files this action pursuant to 42 U.S.C. § 1983. Plaintiff did not submit the $402.00 filing fee and an action may proceed without payment of the filing fee only upon a properly completed Application To Proceed In Forma Pauperis (IFP). *See* 28 U.S.C. § 1915(a). Regardless, plaintiff fails to state a cognizable claim under § 1983 and no amendment would cure the deficiencies of his claims. Accordingly, this action is dismissed, with prejudice.

- 1 -    ORDER OF DISMISSAL

Federal law authorizes federal courts to review cases filed IFP to determine if a claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Here, plaintiff purports to bring claims against three Federal Circuit Court judges based on decisions they made in 2016 regarding plaintiff's guns. Aside from the fact that plaintiff's claims are time-barred, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). In other words, the defendants are immune from suit for decisions made in their judicial capacity.

No amendment would cure this deficiency, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this <u>14th</u> day of September, 2022.


                                                              /s/Ann Aiken
                                                               Ann Aiken
                                             United States District Judge